UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., AND NAGRASTAR LLC,<br><br>       Plaintiffs,<br><br>   v.<br><br>PHIL REED,<br><br>       Defendant. | No.  2:14-cv-2548 KJM DAD<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court on February 13, 2015, for hearing of plaintiffs' motion for default judgment. (Dkt. No. 8.) Attorney Timothy Frank appeared telephonically on behalf of the plaintiffs. No appearance was made by or on behalf of the defendant. At that time oral argument was heard and the motion was taken under submission. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted.

PROCEDURAL BACKGROUND

Plaintiffs DISH Network L.L.C., EchoStar Technologies, L.L.C., and NagraStar LLC ("plaintiffs"), initiated this action on October 30, 2014, by filing a complaint and paying the required filing fee. (Dkt. No. 1.) According to plaintiffs' complaint, defendant Phil Reed, an individual who resides in Stockton, California, circumvented DISH Network's security system

through the use of a pirate television service known as NFushion Private Server to receive DISH Network's satellite broadcasts of copyrighted television programming without payment of the required subscription fee.  (Compl. (Dkt. No. 1) at 2.[1])  Plaintiffs' complaint asserts causes of action for the circumventing of an access control measure in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1), the receiving of satellite signals without authorization in violation of the Federal Communications Act, 47 U.S.C. § 605(a), and the intercepting of satellite signals in violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520.  (Id. at 6-7.)  Plaintiffs seek injunctive relief, an order impounding defendant's unauthorized software, actual, statutory and punitive damages, and fees and costs.  (Id. at 8.)

Defendant was personally served with the complaint and summons on November 6, 2014, (Dkt. Nos. 5 & 11-1), but nonetheless failed to appear in this action.  Pursuant to plaintiffs' request (Dkt. No. 6), the Clerk of the Court entered defendant's default on December 5, 2014.  (Dkt. No. 7.)  Thereafter, plaintiffs filed a motion for default judgment, requesting default judgment only as to the complaint's third cause of action for violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a), 2520(a).  (Dkt. No. 8.)  Plaintiffs' motion was heard before the undersigned pursuant to Local Rule 302(c)(19) on February 13, 2015.  (Dkt. No. 9.)  Despite being served with plaintiffs' request for entry of default (Dkt. No. 6-2) and all papers filed in connection with plaintiffs' motion for default judgment (Dkt. No. 8-7), defendant did not oppose entry of default and neither filed written opposition nor appeared at the hearing on plaintiffs' motion for default judgment.[2]

/////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] While the defendant in this case was served by plaintiffs with both the request for entry of default and their motion for default judgment, such service generally is not required.  See FED. R. CIV. P. 55(b)(2) (requiring that written notice of an application for default judgment be served upon the party against whom judgment is sought only if that party "has appeared in the action"); Local Rule 135(d) (excusing parties from serving documents submitted to the court upon "parties held in default for failure to appear" unless a document asserts new or additional claims for relief against the defaulting parties).  Nonetheless, out of an abundance of caution, plaintiffs prudently served the defendant with all papers related to the pending motion for default judgment.

2

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

I.  Whether Default Judgment Should Be Entered

The Electronic Communications Privacy Act ("ECPA") prohibits "intentionally intercept[ing], endeavor[ing] to intercept, or procur[ing] any other person to intercept, or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a).

Although 18 U.S.C. § 2511 is a criminal provision, 18 U.S.C. § 2520(a) provides "a private cause of action for violation of Section 2511(1)(a)." EchoStar Satellite, L.L.C. v. Viewtech, Inc., 543 F.Supp.2d 1201, 1208 (S.D. Cal. 2008). Specifically, 18 U.S.C. § 2520(a) states:

> [A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity . . . which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a). The Ninth Circuit has determined that "electronic communications" as described in that provision include satellite television signals. DIRECTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir. 2008) (citing United States v. Lande, 968 F.2d 907, 913 (9th Cir. 1992) (acknowledging that § 2511(1)(a) prohibits "the unauthorized viewing of satellite pay television")). To state claim under § 2520(a), a plaintiff must allege facts sufficient to establish that the defendant intentionally intercepted the plaintiffs' satellite television programming without proper authorization. See 18 U.S.C. §§ 2511(1)(a), 2520(a).

Here, plaintiffs' complaint alleges, in relevant part, that DISH Network broadcasts copyrighted programming to fee-paying subscribers. (Compl. (Dkt. No. 1) at 2-3.) Francis Philip, a/k/a Vgiddy, sold subscriptions to the NFushion Private Server ("NFPS"). (Id. at 5.) Philip, thereafter, provided DISH Network with copies of his business records. (Id.) Those records show that the on September 1, 2012, in July of 2012 and during the July 2010 to December 2010 time period, the defendant purchased a subscription to the NFPS, a subscription-based Internet key sharing ("IKS") service whereby members purchase a subscription to the IKS service to obtain the control words that are necessary to circumvent DISH Network's security system so as to receive DISH Network's satellite broadcasts without authorization. (Id.)

The defendant accessed the NFPS service by using an unauthorized receiver loaded with piracy software. (Id.) Each time the defendant tuned the unauthorized receiver to an encrypted DISH Network channel, the receiver requested the control word for that particular channel from the NFPS. (Id.) The NFPS server returned the control word to the defendant who then used the control word to decrypt DISH Network's satellite signal and view DISH Network programming without having to purchase a subscription fee. (Id. at 5-6.)

Based on these allegations, the undersigned finds that plaintiffs' complaint has adequately alleged a claim for relief under 18 U.S.C. § 2520(a) for a violation of 18 U.S.C. § 2511. See Dish Network, LLC v. Hoggard, No. 1:14-cv-0331 AWI JLT, 2014 WL 2208104, at *4 (E.D. Cal. May 27, 2014) ("Plaintiffs allege that Defendant intercepted DISH Network satellite television programming unlawfully, through subscriptions to NFPS and IKS Rocket, which were accessed using an unauthorized receiver. Consequently, Plaintiffs have adequately set forth a claim under 18 U.S.C. § 2520(a) for a violation of § 2511.").

Weighing the factors outlined by the court in Eitel, 782 F.2d at 1471-72, the undersigned has determined that entry of default judgment against the defendant is appropriate. There is no reason to believe that defendant's failure to respond to the complaint is due to excusable neglect. As noted above, plaintiffs' complaint is sufficient, and there is no reason to doubt the merits of their substantive claims. In light of the defendant's failure to appear and the lack of opposition to plaintiffs' claims, there is no possibility of a dispute concerning the material facts underlying this action. Through the instant motion, plaintiffs seek only a modest award of statutory damages and injunctive relief. While recognizing the public policy favoring decisions on the merits, the court finds that a decision on the merits has been rendered impossible by defendant's default. Because these factors weigh in plaintiffs' favor, the undersigned will therefore recommend that plaintiffs' motion for default judgment be granted.

II.     Terms of the Judgment

After determining that default judgment is warranted, the court must next determine the terms of the judgment. Any relief granted may not be different in kind from, or exceed in amount, what is demanded in the complaint. FED. R. CIV. P. 54(c). Here, plaintiffs' motion for default judgment seeks the award of $10,000 in statutory damages and permanent injunctive relief, which is consistent with the relief demanded in their complaint. (Compl. (Dkt. No. 1) at 8-9.)

Under the ECPA, a court may award "statutory damages of whichever is the greater of $100 a day for each day of violation *or* $10,000." 18 U.S.C. § 2520(c)(2) (emphasis added). The Court may award either the statutory sum or no damages at all, but may not select an award

somewhere between the two.  DIRECTV, Inc. v. Grifin, 290 F.Supp.2d 1340, 1347-48 n. 28 (M.D. Fla. 2003) ("Although a district court has the discretion to award the full amount of statutory damages authorized under § 2520(c)(2) or none at all, Congress did not grant district courts authority to prescribe an amount falling between those two choices").  Thus, where the plaintiff elects to receive statutory damages but presents no evidence of the number of days violations occurred, the court may award either $10,000 in damages or no damages at all.  See DIRECTV, Inc. v. Walsh, 540 F.Supp.2d 553, 561 (M.D. Pa. 2008) (explaining the court is faced with the question "whether to award no damages or $10,000"); DIRECTV, Inc. v. Hedger, 322 F.Supp.2d 879, 882 (W.D. Mich. 2004) ("the Court may exercise its discretion to either award [the plaintiff] $10,000 or to award no damages at all").

In making this damage award determination, courts have considered "(1) the severity or minimal nature of the violation; (2) whether there was actual damage to the victim; (3) the extent of any intrusion into the victim's privacy; (4) the relative financial burdens of the parties; (5) whether there was a reasonable purpose for the violation; and (6) whether there is any useful purpose to be served by imposing the statutory damages amount." Dish Network L.L.C. v. Gonzalez, No. 1:13-cv-0107 LJO SKO, 2013 WL 2991040, at *1 (E.D. Cal. June 14, 2013) (citing DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 325-26 (4th Cir. 2008)).

Here, plaintiffs' motion supports the conclusion that they are in the business of transmitting encrypted satellite broadcasts of copyrighted television programming to fee-paying subscribers and that the defendant has unlawfully intercepted plaintiffs' signal, perhaps for as long as almost three years, while providing positive feedback about his pirating experience to others interested in engaging in the same unlawful behavior.  (MDJ (Dkt. No. 8-1) at 8-9, 11.) Moreover, plaintiffs' motion establishes that defendant's behavior resulted in lost revenues and the need for implementation of costly security measures by plaintiffs.  (Id. at 9-10.)

Thus, here there has been actual damage incurred by plaintiffs, there was no reasonable purpose for the defendant's actions and the imposition of statutory damages would serve the important purpose of deterring future ECPA violations.  See Gonzalez, 2013 WL 2991040, at *10 ("Awarding Plaintiffs no damages would effectively reward Defendant for wrongful actions by

allowing the misconduct to remain unsanctioned."). Although there is little evidence as to the severity of the defendant's violation before the undersigned, that may well be attributable to defendant's refusal to participate in this action. Similarly, defendant's failure to appear has rendered it impossible to evaluate the relative financial burdens of the parties.

Accordingly, the undersigned finds that the relevant factors weigh in favor of awarding plaintiffs $10,000 in statutory damages and recommends that plaintiffs' request for $10,000 in statutory damages be granted. See DISH Network L.L.C. v. Rios, No. 2:14-cv-2549 WBS KJN, 2015 WL 632242, at *6 (E.D. Cal. Feb. 13, 2015) ("the court concludes that the balance of relevant factors militate in favor of an award of $10,000.00 in statutory damages, and recommends that such damages be awarded"); Hoggard, 2014 WL 2208104, at *6 ("Because the precise number of days on which violations occurred is unknown – although it may be inferred Defendant intentionally intercepted programs for more than a year – the Court finds the damage request of $10,000 to be appropriate, and recommends it be awarded."); Gonzalez, 2013 WL 2991040, at *8 ("Many district courts, including several in this circuit, have awarded statutory damages of $10,000 upon default judgment, although not all have explicitly weighed the relevant factors.").

The ECPA also authorizes the court to grant injunctive relief. See 18 U.S.C. § 2520(b)(1). Plaintiffs' motion seeks an order that "enjoins Defendant, and anyone acting in concert or participation with Defendant, from" (1) "circumventing or assisting others in circumventing DISH Network's security system, or intercepting or assisting others in intercepting DISH Network's satellite signal" and (2) "testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from DISH Network's satellite receivers, smart cards, satellite data stream, or any other part or component of the DISH Network security system." (Pls.' MDJ (Dkt. No. 8-1) at 14.)

Injunctive relief is appropriate when a party establishes "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved

by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). See also MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993) (explaining that, in general, "a permanent injunction will be granted when liability has been established and there is a threat of continuing violations").

As noted above, plaintiffs have established that the defendant intentionally violated the ECPA without any reasonable purpose. Moreover, the award of damages alone appear to be inadequate to prevent future piracy and a permanent injunction would not be a disservice to the public, since "the public has an interest in the enforcement of federal statutes" such as the ECPA. Coxcom, Inc. v. Chafee, 536 F.3d 101, 112 (1st Cir. 2008).

Accordingly, the undersigned finds that injunctive relief is appropriate and recommends that plaintiffs' request for injunctive relief be granted. See Dish Network L.L.C. v. Silva, Case No. 14-CV-4848 LHK, 2015 WL 2229304, at *4 (N.D. Cal. May 12, 2015) (granting permanent injunctive relief under similar circumstances); Rios, 2015 WL 632242, at *7 ("Therefore, the court finds that all criteria for a permanent injunction have been satisfied, and recommends that an injunction be entered on the terms proposed by plaintiffs."); Hoggard, 2014 WL 2208104, at *6 ("Therefore, injunctive relief is appropriate to prevent Defendant from intercepting DISH Network programming in the future, and from assisting others in similar endeavors.").

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' January 6, 2015 motion for default judgment (Dkt. No. 8) be granted;

2. Plaintiffs be awarded $10,000 in statutory damages for defendant's violation of the ECPA;

3. Plaintiffs' request for permanent injunctive relief be granted; and

4. Defendant be enjoined from (1) circumventing or assisting others in circumventing DISH Network's security system, or intercepting or assisting others in intercepting DISH Network's satellite signal and (2) testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from DISH Network's satellite receivers, smart cards, satellite data stream, or any other part or component of the DISH Network security system.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 21, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD6
Ddad1\orders.civil\dish2548.mdj.f&rs.docx